# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-2296
LT Case No. 2009-CF-32860

_____

CHARLES FETTERLY,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Brevard County.
David C. Koenig, Judge.

Matthew J. Metz, Public Defender, and George D.E. Burden,
Assistant Public Defender, Daytona Beach, for Appellant.

John M. Guard, Acting Attorney General, Tallahassee, and
Bonnie Jean Parrish, Assistant Attorney General, for Appellee.

February 7, 2025

PER CURIAM.

This is an *Anders*[1] appeal by Charles Fetterly, Appellant, of
the trial court's order revoking/terminating his probation and
sentencing him to forty-seven (47) months in prison with all prior

_____

 [1] *Anders v. California*, 386 U.S. 738 (1967).

credit to be applied.[2]  Appellant admitted in writing that he violated the terms of his probation, as charged, and the sentence, as imposed, was agreed upon, with all matters confirmed via an adequate colloquy.  The trial court orally accepted Appellant's plea admitting the violations and orally pronounced the revocation and unsatisfactory termination of Appellant's probation.

There is an order terminating probation; however, it does not specifically state that Appellant's probation is revoked, nor does it identify the conditions of probation that Appellant admitted to violating and upon which the court based the revocation/ termination.  Accordingly, we affirm the sentence and the revocation and unsatisfactory termination of Appellant's probation.  However, we remand for entry of an appropriate order revoking and terminating probation which sets forth those specific conditions of probation that Appellant admitted to violating and upon which the revocation and termination of probation were based.  *See Hatcher v. State*, 392 So. 3d 607 (Fla. 5th DCA 2024) (citing *Font v. State*, 299 So. 3d 627 (Fla. 5th DCA 2020)).

AFFIRMED; REMANDED with instructions.

EDWARDS, C.J., and MAKAR and JAY, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

[2] Although Appellant's appeal was timely commenced, it was repeatedly dismissed for failure to prosecute and then reinstated which resulted in delayed resolution.